# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Stephanie Dawson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cv-00283 |
| ) | |
| Thomas J. Dart, Sheriff of Cook County, ) | Judge Sharon Johnson Coleman |
| John Doe 1, John Doe 2, and John Doe 3, officers ) | |
| of the Sheriff of Cook County, and Cook County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Stephanie Dawson filed a three count complaint against Cook County Sheriff Thomas J. Dart, John Does 1-3, officers of the Cook County Sheriff's Department (the "Doe Defendants"), and Cook County. Ms. Dawson brings two claims against Sheriff Dart and the Doe Defendants: a section 1983 claim for their alleged deliberate indifference to her safety (Count I) and a state law negligence claim (Count II). She also brings a claim for indemnification against Cook County (Count III). Sheriff Dart and Cook County move to dismiss Counts II and III for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, Sheriff Dart and Cook County's motion to dismiss [11] is granted in part.

**Background**

In May, 2016, Ms. Dawson was an inmate housed at the Cook County Department of Corrections ("CCDOC"). At the time, CCDOC inmates were housed either with the general population or in the Residential Treatment Unit ("RTU") based on the results of psychological evaluation screenings. Inmates in the RTU were classified as either "P2" or "P3" inmates. Ms.

---

[1] The Doe Defendants are not yet part of this case. This Court notes, however, that many of the arguments raised in the motion to dismiss are viable arguments for the Doe Defendants.

Dawson alleges that P3 inmates are greater security risks and more prone to violence. She also alleges that it was CCDOC policy to house P2 and P3 inmates on separate tiers.

On and before May 26, 2016, Ms. Dawson was housed in the RTU as a P2 inmate. On and before May 26, 2016, Rhonda Robinson was classified as a P3 inmate, but was housed on the same housing tier as Ms. Dawson. On May 26, 2016, Robinson attacked and injured Ms. Dawson. Ms. Dawson alleges that the Doe Defendants participated in or had knowledge of the decision to house Robinson on her tier (the "housing decision") and that the Doe Defendants had the authority to change it but did not.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. To overcome a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and raises the right to relief above a speculative level, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

**Discussion**

The Local Governmental and Governmental Employees Tort Immunity Act ("TIA") protects public entities and public employees from liability "arising from the operation of government," 745 ILCS 10/1-101.1(a), in part, by immunizing them from tort liability for any negligent "act or omission in the execution or enforcement of any law." 745 ILCS 10/2-202. To be clear, section 2-202 does not immunize public entities and public employees whenever they act within the scope of their employment; it only immunizes their conduct while they are actually

engaged in the execution or enforcement of a law. *Maglaya v. Kumiga*, No. 14-CV-3619, 2015 WL 4624884, at *9 (N.D. Ill. Aug. 3, 2015) (Dow, J.) (citing *Barnett v. Zion Park Dist.*, 665 N.E.2d 808, 814, 171 Ill. 2d 378, 216 Ill. Dec. 550 (1996)). "Ordinarily, the determination of whether an officer was enforcing the law is a question of fact that must be determined by the trier of fact in light of the circumstances in each case, but a court may, as a matter of law, determine whether officers were enforcing a law when the facts alleged support only one conclusion." *Maglaya*, 2015 WL 4624884 at *9 (internal quotations omitted) (citing *Lacey v. Vill. of Palatine*, 904 N.E.2d 18, 28, 232 Ill. 2d 349, 328 Ill. Dec. 256 (2009)). The Cook County Sheriff is considered a "local public entity" and the Doe Defendants are his "employees" under the TIA. *Carver v. Sheriff of LaSalle Cnty.*, 787 N.E.2d 127, 136, 203 Ill. 2d 497, 272 Ill. Dec. 312 (2003); 745 ILCS 10/1-206; 745 ILCS 10/1-202.

Sheriff Dart and Cook County argue that Ms. Dawson's negligence claim should be dismissed because Sheriff Dart and the Doe Defendants are immune from liability under section 2-202. Ms. Dawson contends that Sheriff Dart and the Doe Defendants were not executing or enforcing any law when they made the housing decision or when they decided not to change it, therefore section 2-202 does not apply. She cites *Barnett*, 665 N.E.2d 808, for support.

In *Barnett*, the special administrator of a drowning victim's estate brought suit against the Zion Park District. 665 N.E.2d at 810. The special administrator claimed that the Zion Park District lifeguards' failure to supervise the pool where the victim drowned constituted willful and wanton misconduct. The trial court found that the Zion Park District was immunized from liability under 745 ILCS 10/3-108 and granted summary judgment in its favor. *Id.* at 812. The special administrator argued that the Zion Park District should not be immunized from liability under section 3-108 because section 2-202 did not immunize willful and wanton conduct. *Id.* at 814. The Illinois Supreme Court found that the Zion Park District lifeguards had not executed or enforced

any law as the enabling statute and relevant regulations did not prescribe how a lifeguard should supervise a swimming pool. *Id.* Consequently, the court held that section 2-202 did not apply. *Id.* In the instant case, however, there are regulations that prescribe how the sheriff and his employees are to classify and separate inmates. *See, e.g.*, 20 Ill. Admin. Code 701.70. This Court finds that the Doe Defendants were executing the law when they made the housing decision; accordingly, section 2-202 applies.

Section 2-202 only immunizes negligent conduct, not conduct that is willful and wanton. "Willful and wanton conduct" is defined as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property," 745 ILCS 10/1-210, and consists of more than mere inadvertence, incompetence, or unskillfulness. *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 920 (7th Cir. 2015) (citations omitted). Ms. Dawson alleges that the Doe Defendants "carelessly and negligently made the decision to house . . . Robinson . . . where [Ms. Dawson] was housed," that they should have known of the housing decision, and that they "carelessly and negligently" failed to exercise their authority to change the housing decision. She does not allege that the Doe Defendants engaged in any willful and wanton conduct, therefore Ms. Dawson likely cannot maintain a claim against the Doe Defendants. Furthermore, she fails to allege that Sheriff Dart personally engaged in the housing decision, therefore, Count II is dismissed as to Sheriff Dart in his personal capacity. Count II is also dismissed as to Sheriff Dart to the extent that his liability is premised on the Doe Defendants' actions. *See* 745 ILCS 10/2-109 ("A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable.").

This Court also dismisses Ms. Dawson's indemnification claim against Cook County, but only to the extent that it relates to indemnification for Sheriff Dart's liability for Count II. *See* 745 ILCS 10/2-109.

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss [11] is granted in part. Count II is dismissed as to Sheriff Dart. The motion to dismiss Count III is granted in part only to the extent that Count III seeks indemnification for Sheriff Dart's liability for Count II. Plaintiff should be prepared to inform this Court at the status hearing set for June 12, 2016 of her intent, if any, to file an amended complaint.

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: June 9, 2017